C. W. HUNTER, EXECUTOR OF ESTATE OF GEORGE H. HUNTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45417. Promulgated June 15, 1932.

*R. G. Ransom, C. P. A.* and *H. L. Washington, Esq.,* for the petitioner.

*T. M. Mather, Esq.,* for the respondent.

OPINION.

LANSDON: The respondent has asserted a deficiency in estate tax in the amount of $9,006.61. The only question submitted to us is whether the transfer of 1,260 shares of stock of the Hunter Milling Company of Wellington, Kansas, by the decedent more than two years prior to his death was made in contemplation of death. The petitioner here is C. W. Hunter, executor of the estate of George H. Hunter, deceased.

On March 4, 1918, the decedent executed a declaration of trust by the terms of which he then transferred 1,260 shares of stock of the Hunter Milling Company to his son, C. W. Hunter, as trustee for his nine children, as beneficiaries with equal interests. The trust instrument contained no reservations and was irrevocable. It provided that the income from the corpus of the trust should be distributed by the trustee in equal parts to the beneficiaries. About nine years after the date of the declaration of trust the trustor died. An estate-tax return was duly made by the executor, in which the value of the stock at the date of decedent's death was not included. Upon audit of such return the respondent determined that the trust had been declared and the transfer made in contemplation of death and determined the deficiency in controversy.

At the date of the declaration of trust the decedent was in good health and so continued until shortly before his death. He was a man of large affairs and without assistance managed his own business until a very short time before he died in 1927. At the date of the declaration of trust and transfer he was estranged from his wife, who was not the mother of any of his children. His motive in making the transfer was to put some portion of his property out of the reach of his wife in the event of divorce or separation proceedings, or of death. He had fully discussed this matter with his son and had often announced his intention to create such a trust for the benefit of his children. In all the circumstances we are satisfied that the transfer was not made in contemplation of death within the meaning of the Revenue Act of 1926. *Estate of John A. Hicks*, 9 B. T. A. 1226; *Cyrus H. McCormick et al., Executors*, 13 B. T. A. 423; cf. same title, 283 U. S. 784; *William L. Nevin, Executor*, 16 B. T. A. 15; affd., 47 Fed. (2d) 478.

*Decision will be entered for the petitioner.*